**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4366**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NOE MOLINA BENITEZ,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:07-cr-00136-F-1)

———————

Submitted:  January 12, 2011      Decided:  February 8, 2011

———————

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. William E. H. Creech, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe Molina Benitez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006), and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Benitez to a total of 150 months of imprisonment and Benitez now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising sentencing issues but stating that there are no meritorious issues for appeal. Benitez was informed of his right to file a pro se supplemental brief, but did not do so. The Government has filed a motion to dismiss Benitez's appeal of his sentence based on Benitez's waiver of his right to appeal. For the reasons that follow, we dismiss the appeal of Benitez's sentence and affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To

determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Benitez knowingly and intelligently entered into the plea agreement and that the agreement waived Benitez's right to appeal his sentence under the circumstances presented.

Accordingly, because we conclude the appellate waiver was valid and bars Benitez from appealing his 150-month sentence, we grant the Government's motion to dismiss the appeal to the extent it seeks appellate review of Benitez's sentence. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Benitez's conviction.

This court requires that counsel inform Benitez, in writing, of the right to petition the Supreme Court of the

3

United States for further review. If Benitez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benitez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
